[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Benitez, but whose former married name was Mendez, intermarried at New CT Page 12551 London, Connecticut on August 18, 1979; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation. Each party had been married before.
Plaintiff attributes the breakdown of the marriage to defendant's objection to his association with his friends after his retirement; constant arguments; defendant's attacking him with a hammer; defendant's biting plaintiff and that defendant backed her car while plaintiff was standing near the car's open door causing plaintiff to be knocked to the ground.
Defendant denies biting the plaintiff except once when he pushed her onto a couch and got on top of her. She admits to their arguing and that plaintiff pushed her when she tried to get him to leave the home. Defendant then obtained a restraining order against the plaintiff. However, one was also issued against her.
It is obvious from the testimony of the parties that the marriage has broken down irretrievably with no hope for reconciliation. I find both equally responsible for the breakdown.
The plaintiff, who was born August 27, 1929, suffers from depression, hypertension, high cholesterol, arthritis and knee problems. He became employed by the City of New London Police Department 20 years before his marriage to the defendant. From 1978 to 1994, when he retired, he was a sergeant in the police department. As a result of his retirement, plaintiff receives $520.30 weekly from his City Pension and Social Security.
The defendant, who was born June 5, 1939, is in fairly good health although she suffers from asthma, allergies and osteoporosis. She has been employed for 31 years by the City of Norwich as a teacher's aid. Although she has a pension with the City, she failed to report it on her financial affidavit. Her present net weekly income is $321.00. Her continued employment seems good.
Plaintiff took a reduced pension to provide a portion of his pension to the defendant of about $8,000.00 per year. However, CT Page 12552 she will lose same when her marriage to the plaintiff is dissolved. If plaintiff provides defendant with a survivorship benefit program, she may be eligible to receive her portion of plaintiffs pension when plaintiff dies.
During the marriage the plaintiff paid all expenses of the marriage except for food, which defendant paid for. Each kept separate bank accounts.
The defendant has accumulated bank accounts, credit union savings and certificate of deposits totaling $46,567.00. However, $22,000.00 of said funds defendant claims were premarital. See defendant's financial affidavits.
The plaintiff has accumulated bank accounts and certificates of deposit totaling $51,000.00 and Franklin Mutual Fund valued at $7,150.00. See plaintiffs financial affidavit. The plaintiff also has cameras and equipment and a computer.
There is conflicting testimony about what monies belonged to the parties, their children and what was owned by each prior to the marriage.
The parties purchased the marital residence located at 50 Dow Street, New London in 1994 for $71,000.00. The plaintiff contributed $66,000.00 and the defendant $5,000.00 to the purchase. Both agree that the present value of said property is $85,000.00 and that it is mortgage free.
In the light of the evidence presented and my findings, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. After considering the provisions of Connecticut General Statutes §§ 46b-61, 62 81 and 82, it is ordered that:
1. No alimony is awarded to either party.
2. Each party shall retain, free from any claim by the other, the motor vehicles, bank accounts, savings bonds, pension plans, investments and life insurance policies currently in their respective possessions.
3. The plaintiff shall receive the sofa/couch, lazy boy, three beds, dresser, bureau, floor lamps, table lamp from his son, desk, miscellaneous tools and one TV all owned by plaintiff CT Page 12553 prior to the marriage.
The defendant shall keep all the remaining household furniture and furnishings not previously disposed of.
In the event of any disagreement over this order the parties shall submit this issue to Attorney Michael Shapiro for binding arbitration and share equally the costs of the arbitration.
4. The plaintiff shall transfer to the defendant all his right, title and interest in the marital home at 50 Dow Street, New London, Connecticut.
The Defendant shall pay to the plaintiff, the sum of $25,000.00 at the time the property is transferred to the defendant.
If, however, the defendant would prefer that ownership of the marital residence be given to the plaintiff, she shall so indicate within 30 days of this decree. In such event, she shall transfer to the plaintiff all of her title to said property to the plaintiff. He shall pay to the defendant at the time ownership of the property is transferred to him, the sum of $50,000.00.
Whoever gets title to the property shall hold the other harmless from all costs of ownership including taxes, insurances, liens, etc.
5. If permitted under the terms of plaintiffs pension, he shall name the defendant as survivor beneficiary to his pension in the amount she would have received had she still been married to the plaintiff at the time of his death.
6. Each shall pay their own attorney's fees.
7. Each shall pay the debts listed on their respective financial affidavits.
Vasington, JTR